IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL E. WALKER, a/k/a Russell E. Scott Walker, <br><br>Plaintiff,<br><br>v.<br><br>NEW CASTLE COUNTY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 15-674-GMS<br>)<br>)<br>)<br>) |

**MEMORANDUM**

The plaintiff, Russell E. Walker ("Walker"), filed this lawsuit claiming the defendants caused him damage through numerous violations of the Fair Housing Act, the United States Constitution, and other alleged wrongs. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.)

**I. BACKGROUND**

The complaint raises issues regarding property owned, or formerly owned, by Walker that he rented as family style housing to mentally disabled individuals and other minorities. Walker alleges that, during the past thirty months, the defendant New Castle County ("NCC") has unnecessarily searched, cited, and fined him for County Code violations which has caused him financial losses including fines, loss of real estate, unnecessary repair and other expenses, and physical injuries. The numerous defendants include the State of Delaware and NCC, NCC code enforcement officers and attorneys, the NCC executive, judicial officers, and private attorneys.

**II. STANDARD OF REVIEW**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Walker proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g.*, *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Walker leave to

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Rooker-Feldman Doctrine

A review of the complaint and attachments indicates that Walker has filed numerous cases in State Court, and it appears that either there are pending cases and/or Walker is

dissatisfied with State Court rulings.[1] To the extent Walker seeks review and rejection of Delaware state decisions, the claims fall under the purview of the *Rooker-Feldman* doctrine.[2]

Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); see Power v. Department of Labor, 2002 WL 976001 (D. Del. May 3, 2002). It appears that many of the issues raised by Walker have been resolved by the Delaware state courts. The *Rooker-Feldman* doctrine applies as this is a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Allowing Walker's claims to proceed against the defendants would allow him to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Therefore, the court cannot exercise jurisdiction.

---

[1] The lawsuits include two filed in the Superior Court of the State of Delaware: (1) on March 28, 2013, NCC Code Enforcement, the Department of Land Use, the Community Legal Aid Society, Inc., and employees of those agencies, *Walker v. New Castle Cnty. Code Enforcement/Customer Relations*, C.A. No. N13C-03-281 EMD (Del. Super. Mar. 28, 2013); and (2) on September 23, 2014, against the City of New Castle, *Walker v. City of New Castle*, C.A. No. N 13C-09-152 EMD (Del. Super. Sept. 23, 2013), the defendants granted judgment on the pleadings on June 23, 2014. *See Walker v. City of Wilmington*, 2014 WL 4407977 (Del. Ch. Sept. 5, 2014).

[2] The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte*. *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

**B. Younger Abstention**

To the extent any actions remain pending in State Court and have not yet reached final resolution, the court must abstain by reason of the abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), which has been extended to civil cases and state administrative proceedings. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975). Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[3] *See Younger v. Harris*, 401 U.S. 37 (1971). Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[4] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

The *Younger* elements have been met and none of its exceptions apply. First, it appears there are on-going state proceedings. Second, Delaware has an important interest in resolving real estate issues including code violations, and a ruling in the Delaware courts implicates the important interest of preserving the authority of the state's judicial system. *See e.g., Addiction*

---

[3] The court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d 785, n.1 (3d Cir. 1994).

[4] Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

*Specialists, Inc. v. The Twp. of Hampton*, 411 F.3d 399 (3d Cir. 2005) (finding challenges to the validity of a municipal code and zoning ordinances implicate important State interests under the *Younger* doctrine). Finally, Walker has an adequate opportunity to raise any potential federal claims in state court. Accordingly, pursuant to *Younger* and its progeny the court must abstain. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

## IV. CONCLUSION

The court abstains and will dismiss the complaint for want of jurisdiction. In light of the nature of Walker's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson*, 293 F.3d at 111; *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

Nov. 20, 2015
Wilmington, Delaware

7