IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL E. WALKER, <br> a/k/a Russell E. Scott Walker, <br><br> Plaintiff, <br><br> v. <br><br> NEW CASTLE COUNTY, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 15-674-GMS <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM**

The plaintiff, Russell E. Walker ("Walker"), filed this lawsuit claiming the defendants caused him damage through numerous violations of the Fair Housing Act, the United States Constitution, and other alleged wrongs. (D.I. 2.) On November 20, 2015, the court dismissed the complaint for want of jurisdiction. (D.I. 5, 6.) Walker moves for reconsideration because he "believes the defendants did not invoke abstention, the plaintiff believes it is impossible for him to receive a fair trial in Delaware courts due to the political climate, there is obvious animus towards the plaintiff and bias due to association and other reasons." (D.I. 7.)

The standard for obtaining relief under Rule 59(e) is difficult for Walker to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194,

1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Walker has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's November 20, 2015 memorandum and order dismissing the complaint for want of jurisdiction. Therefore, the court will deny the motion for reconsideration. (D.I. 7.)

UNITED STATES DISTRICT JUDGE

Feb 8 , 2016
Wilmington, Delaware